A. A. WILLIAMS *v.* J. G. LANDRY.

The only real deposit is that, where the depositary receives a thing to be preserved in kind, without the power of using it, and on the condition that he is to restore the identical object.

APPEAL from the Second District Court of New Orleans, *Howell*, J. *Geo. S. Lacey*, for plaintiff and appellant. *J. Ad Rozier*, for Landry, tutor. *Geo. L. Bright*, for Camutz, syndic.

ILSLEY, J. This is an action, depositi directa, instituted by the plaintiff, to recover from the legal tutor of the minor children of the late Amadéo Landry, certain bank and United States Treasury notes, described in his petition, which he avers were received from him by the said Amadéo Landry, on a special deposit, to be kept as such by the said Landry, and to be returned to your petitioner when called for.

Christopher Camutz, the syndic appointed by the creditors of the deceased, was made a party to the suit, and the answer of both defendants was a general denial.

The special deposit is clearly proved by the testimony of C. Camutz, and by the receipts given by Landry to the plaintiff.

It is shown by the same witness that the notes, which do not appear to have been enclosed in a wrapper or labelled, were put into the tin box, or bank box, kept in the Citizens Bank; but, as he says, "after some time they got mixed up with the money of the house of Brand & Landry, and when it got mixed up it was used as the money of A. Landry in paying out for the house." He says "that some of the money in the box is the same as that given by plaintiff Williams;" but he cannot say "which of the bills sequestered are those deposited by the plaintiff," because "we were receiving and paying out money from the same box." He further says, that "Mr. A. Landry kept his own money in the same box;" and further, he says: "When we paid money out of the box, the money therein was used in common and indiscriminately."

The depositor does not identify the thing reclaimed by him to be identically the same as that which he deposited. See Articles 2934, 3189 C. C. *Longbottom's Executor* v. *Babcock*, 9 La. R. 50; and we are, therefore, unable to disturb the judgment of the lower Court, which was one of non-suit.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, and that the costs of appeal be paid by the appellant.

HOWELL, J., recused.